UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DEQUITA BURKS, as Personal
Representative for the Estate of
RODRIGUEZ BURKS,

       Plaintiff,                                  Case No. 2:18-CV-75

v.                                                  HON. GORDON J. QUIST

LEWIS EISEMAN, et al.,

       Defendants.
_____/

## ORDER

Defendants have filed an Objection to the Magistrate Judge's Order Granting the Plaintiff's Motion to Amend Complaint. (ECF No. 131.) The Court has reviewed the Objection, the magistrate judge's Order (ECF No. 128), and the underlying briefs (ECF Nos. 116 and 127). For the reasons stated below, the Court denies Defendants' Objection.

### BACKGROUND

This case arises from the 2017 murder of Rodriquez Burks at the Alger Correctional Facility. In May 2018, Plaintiff Dequita Burks, the personal representative of Rodriquez Burks' estate, initiated this action against twenty-one employees of the Michigan Department of Corrections (MDOC). (ECF No. 1.) One of the twenty-one employees was Corrections Officer Michael Blough.

In May 2019, the parties stipulated to allow Burks to file an amended complaint and dismiss without prejudice several Defendants—including Officer Blough. (ECF Nos. 55 and 56.) After Burks filed an amended complaint, Defendants moved for a partial dismissal. (ECF No. 57.) While

the motion was pending, the parties proceeded through discovery. The deadline to complete fact discovery was December 20, 2019. (ECF No. 84.) On December 16, 2019, the parties deposed inmate, Marquis Jenkins. (ECF No. 116-3.) At his deposition, Mr. Jenkins testified that he heard Burks tell Officer Blough that if he was not moved to a different cell, there was going to be a fight with his cellmate.

In March 2020, the Court granted Defendants' motion for partial dismissal. (ECF Nos. 99 and 100.) The only remaining claims in this case are Eighth Amendment claims against Defendants Lewis Eiseman, Greg Exelby, Donald Peer, and Karen Prunick. Shortly thereafter, the Court extended the deadline to file dispositive motions to May 11, 2020. (ECF No. 104.) On May 11, 2020, Defendants filed a motion for summary judgment. (ECF No. 108.) On June 22, 2020, Burks filed a response. (ECF No. 115.)

On June 24, 2020, Burks filed an Emergency Motion for Leave to File an Amended Complaint. (ECF No. 116.) In this motion, Burks sought leave to amend the complaint to add back Officer Blough as a Defendant and assert an Eighth Amendment claim against him. Defendants opposed the motion and argued that the motion was untimely and unduly prejudicial. (ECF No. 127.) On July 16, 2020, U.S. Magistrate Judge Maarten Vermaat granted Plaintiff's motion. (ECF No. 128.) Defendants have now filed an Objection. (ECF No. 131.)

## **LEGAL STANDARD**

The Court shall reverse an order of a magistrate judge where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205,

219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525 (1948)) (alteration in original). "And '[a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## ANALYSIS

The amendment of a complaint is governed by Fed. R. Civ. P. 15. The Rule provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). When considering whether to permit an amendment, the Court should consider "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). The Sixth Circuit "has required 'at least some significant showing of prejudice' to deny a motion to amend based solely upon delay." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

Defendants argue that the magistrate judge erred in granting the motion to amend because the motion was untimely and prejudicial. Defendants state: "it is extremely prejudicial to bring Blough back into the case when he presumed, he was no longer a party." (ECF No. 131 at PageID.1138.) Defendants further contend that they "will have to expend additional time and resources filing an additional summary judgment motion and possibly conducting additional discovery." (*Id.*)

This is a close call. The Court must determine whether the magistrate judge's order is contrary to law or clearly erroneous. The Court finds that it is not. The magistrate judge identified the correct legal standard and applied it to the facts in this case. Although the magistrate judge recognized the unnecessary delay in filing the "emergency motion," the magistrate judge determined that the amendment would not prejudice Defendants.

As Defendants correctly note, the Sixth Circuit has upheld a district court's denial of a motion to amend when the motion to amend had been filed after the completion of discovery and while dispositive motions were pending. For example, in *Gunnels v. Kenny*, 700 F. App'x 478, 484 (6th Cir. 2017), the Sixth Circuit upheld the district court's denial of a motion to amend because "[a]llowing [the plaintiff's] amendment would at this point prejudice the defendants by requiring them to reopen closed discovery and litigate . . . something that was not at issue in the initial complaint." *Id.* Similarly, in *Siegner v. Township of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016), the Sixth Circuit held that the district court did not abuse its discretion when it denied the plaintiff's motion to amend that was filed after discovery had closed and dispositive motions had been filed. There, the plaintiff initially asserted retaliation claims against one defendant and then sought to add claims of race discrimination and add another defendant in an amended complaint. *Id.*

Although the magistrate judge did not specifically address these cases, the magistrate judge adequately explained that this is a "a unique situation because Blough was originally a Defendant in this action and Plaintiff agreed to his dismissal [without prejudice] by stipulation." (ECF No. 128 at PageID.1113.) The magistrate judge further concluded that "amending or refiling the motion to add the claims against Defendant Blough should not be cumbersome or difficult based upon the facts of this case." (*Id.*) The Court agrees. Unlike the cases cited by Defendants, the amended

4

complaint does not seek to add a completely new legal theory. The Eight Amendment claim against Officer Blough is similar to the Eighth Amendment claims against the four remaining Defendants. At issue is whether the Defendants were deliberately indifferent in violation of the Eighth Amendment. Defendants have argued in their motion for summary judgment that they are entitled to qualified immunity. Blough will likely advance the same or a similar qualified immunity defense.

There is no question that the delay in filing this "emergency motion" is troubling. The Court, however, agrees with the magistrate judge—the facts of this case and the short delay in permitting the amendment do not amount to a "significant showing of prejudice[.]" *Prater,* 505 F.3d at 445.

## CONCLUSION

**Accordingly**, **IT IS HEREBY ORDERED** that Defendants' Objection (ECF No. 131) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer to the Amended Complaint within 28 days of this Order. Defendants may file a supplement to their motion for summary judgment addressing the claim against Officer Blough within 35 days of this Order.[1]

Dated: August 27, 2020  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[1] In the Objection, Defendants state that they may need additional time for discovery on the claim against Officer Blough. The Court is willing to reopen discovery if needed. Thus, if Defendants believe additional discovery is necessary, they shall file a motion.